**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
BALTIMORE (NORTHERN) DIVISION

---

|  |  |  |
|---|---|---|
| **ABIGAIL HOSMER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| **FGO DELIVERS, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

---

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant FGO Delivers, LLC ("FGO" or the "Company"), improperly named as FGO Deliveries, LLC, by and through its undersigned counsel, hereby submits this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove this action from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland, Baltimore (Northern) Division pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  The grounds for removal are as follows:

## PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1.      Plaintiff Abigail Hosmer ("Hosmer" or "Plaintiff") filed a civil action in the Circuit Court for Baltimore County, Maryland on September 23, 2019 entitled <u>Abigail Hosmer v. FGO Deliveries, LLC</u>, No. C-03-CV-19-00503 ("State Lawsuit").

2.      On November 5, 2019, Hosmer sent a copy of the Summons and Complaint in the State Lawsuit to FGO's former Vice President of Human Resources, Tyrone Washington, at the Company's Elmwood Park, New Jersey offices.

3.      The Summons and Complaint was received in the Company's Elmwood Park, New Jersey offices on November 8, 2019.

4.      Copies of all process, pleadings, and orders served upon FGO in the State Lawsuit are attached hereto as Exhibit 1.

5.      This Notice of Removal is timely filed because it is filed within thirty days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which the state court action is based.  See 28 U.S.C. § 1446(b)(1).

## BASES FOR REMOVAL

## FEDERAL QUESTION JURISDICTION

6.      This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. §§ 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (c) in that it is a civil action arising under the laws of the United States.

7.      In Count Five of the Complaint, Hosmer alleges a federal claim of failure to pay overtime wages under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 et seq.  (See Compl. ¶¶ 64–69).  In Counts Three and Four, Hosmer alleges state claims that are substantively identical to her federal FLSA claim, in that she asserts claims of failure to pay overtime wages under the Maryland Wage and Hour Law ("MWHL") and failure to timely pay earned overtime wages under the Maryland Wage Payment and Collection Law ("MWPCL"), respectively.  (See Compl. ¶¶ 46–52, 54–62).  In Counts One and Two, Hosmer alleges Maryland Pregnancy Accommodation Law ("MPAL") claims of failure to explore reasonable accommodation requests and interference

with, restraint, or denial of the exercise or attempt to exercise a right provided under the

MPAL related to her employment at FGO.  (See Compl. ¶¶ 30–44).  The claims in Counts

One, Two, Three, and Four are so related to the federal claim in Count Five that they form

part of the same case or controversy under Article III of the United States Constitution given

that each arose from and is entirely related to her employment at FGO and FGO's purported

misconduct in violation of its legal obligations during the same time period.  See, e.g.,

Pridgen v. Appen Butler Hill, Inc., No. CV JKB-18-61, 2018 WL 1912213, at *1 (D. Md.

Apr. 23, 2018) (complaint alleging claims under FLSA and Maryland WHL, WPCL, FEPA,

as well as common law claims, properly removed based on federal question and

supplemental jurisdiction); Flora v. Everest Wealth Mgmt., Inc., No. CV ELH-17-1621,

2017 WL 4280744, at *1 (D. Md. Sept. 26, 2017) (complaint alleging claims under FLSA

and MWPCL, as well as common law claims of breach of contract, fraudulent

misrepresentation, concealment, wrongful discharge, quantum meruit, and unjust

enrichment, properly removed based on federal question and supplemental jurisdiction);

Carollo v. Fed. Debt Assistance Ass'n, LLC, No. CV RDB-17-1220, 2017 WL 4236734, at

*1 (D. Md. Sept. 25, 2017) (complaint alleging claims under MWPCL and FLSA, as well as

common law claims of breach of contract, assault, and battery, properly removed to federal

court based on federal question and supplemental jurisdiction).  Accordingly, this Court has

original jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question) and

supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and the entire action is subject to

removal to this Court pursuant to 28 U.S.C. § 1441(c).

## DIVERSITY JURISDICTION

8.      This matter is also a civil action over which this District Court has original

jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant

to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of

different states and the matter in controversy exceeds the sum of $75,000, exclusive of

interest and costs.

### *Diversity of Citizenship*

9.      Diversity of citizenship existed between the parties when the Complaint was

filed on September 23, 2019 and exists as of the date this Notice of Removal is being filed.

10.     Hosmer is a citizen of the State of Maryland.  (See Compl. ¶ 7.)

11.     FGO is a New Jersey limited liability company, and its members are Palm

Beach Capital Fund IV, LP and seven individual persons who are citizens of either

Connecticut, Florida, Illinois, or New York.  (See Compl. ¶ 8; Declaration of Peter Iannone

("Iannone Decl."), attached hereto as Exhibit 2, at ¶.)  The members of Palm Beach Capital

Fund IV, LP are three individual persons who are all citizens of Florida.  (See Iannone Decl.

¶¶ 3-5.)  Accordingly, FGO is a citizen of Connecticut, Florida, Illinois, and New York, but

not Maryland.  See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (holding that a

limited partnership has the citizenship of each of its partners, whether general or limited);

Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir.

2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company

[] is determined by the citizenship of all of its members[.]").

12.     The parties are therefore diverse of citizenship as required for this Court to

exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### *Amount in Controversy*

13.     Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

14.     A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.   Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).  The defendant "bears the burden of *demonstrating*" that removal jurisdiction is proper only if the plaintiff challenges removal. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (emphasis in original). Where the plaintiff's complaint does not allege a specific amount in damages, as here, and removal jurisdiction is challenged, then the defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.  Id. ("To resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" (quoting Dart Cherokee, 574 U.S. at 89)); Ndzerre v. Liberty Power Corp., LLC, 318 F. Supp. 3d 761, 764 (D. Md. 2018) ("Where, as here, a plaintiff's complaint does not allege a specific amount in damages, a different standard applies: the proponent of jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." (internal quotation marks omitted)).

15.     Hosmer's complaint and related filings demonstrate that the jurisdictional threshold for removal of $75,000 is satisfied.

16.     Pursuant to Md. Rule 2-305, Maryland law requires that a complaint with a demand for a money judgment must either (i) provide a specific dollar amount of damages sought if the demand does not exceed $75,000, or (ii) include a general statement that the amount sought exceeds $75,000.  Md. Rule 2-305 ("Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000."); see also Osia v. Rent-a-Ctr., Inc., No. CIV.A. DKC 15-1200, 2015 WL 3932416, at *4 (D. Md. June 25, 2015) ("[I]ndeed, Maryland *requires* that a demand for a money judgment that does not exceed $75,000 include the amount of damages sought." (emphasis in original)).

17.     In her complaint, Hosmer seeks relief in the form a money judgment for alleged back pay, lost benefits, compensatory damages (including emotional pain and mental anguish), punitive damages, owed wages, and treble damages for owed wages, as well as front pay, attorneys' fees, and pre- and post-judgment interest as permitted by law, but does not provide or allege a specific dollar amount of damages or a general statement that the amount sought exceeds $75,000 as required by Md. Rule 2-305.  (See generally Compl.)

18.     While Hosmer also does not expressly include a general statement in the body of her complaint that she seeks a money judgment in excess of $75,000 as otherwise alternatively required by Md. Rule 2-305, Hosmer does identify in the accompanying Civil – Non-Domestic Case Information Report that she seeks monetary damages (exclusive of attorneys' fees, interest, and costs) in excess of $100,000.  (See Civil – Non-Domestic Case Information Report, at 2.)

19.     Accordingly, under Md. Rule 2-305, Hosmer's initial filings in this matter demonstrate that the alleged amount in controversy exceeds the jurisdictional threshold because (1) Hosmer's failed to assert a specific amount of damages in her Complaint, and (2) Hosmer included a general statement on the Civil – Non-Domestic Case Information Report accompanying her Complaint that she seeks monetary damages in excess of $75,000. As such, removal based on diversity jurisdiction is appropriate.

## PROCEDURAL PREREQUISITES

20.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the District of Maryland is the appropriate court to which to remove this action from the Circuit Court for Baltimore County, Maryland, where the action was filed.

21.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court for Baltimore County, Maryland.  A true and correct copy of the Notice of Filing Notice of Removal to be filed in the state court, without exhibits, is attached hereto as Exhibit 3.

22.     Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of Maryland because a substantial part of the alleged events or omissions giving rise to Hosmer's claims occurred in Maryland.

23.     This Notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

24.     In filing this Notice, FGO does not waive any defenses.

WHEREFORE, Defendant FGO Deliveries, LLC, respectfully requests that this action be removed to this Court and that it be placed on the docket of this Court for all further proceedings.

DATED: December 5, 2019                    Respectfully submitted,


                                           /s/ **Margaret J. Scheele**
                                           _____
                                           Margaret J. Scheele (Bar No. 10829)
                                           Maxim V. Doroshenko (Bar No. 20776)
                                           Fisher & Phillips LLP
                                           7501 Wisconsin Avenue, Suite 1220W
                                           Bethesda, MD 20814
                                           Tel. (301) 951-1577
                                           Fax (301) 880-5031
                                           mscheele@fisherphillips.com
                                           mdoroshenko@fisherphillips.com

                                           *Attorneys for Defendant*
                                           *FGO Delivers, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 5th day of December, 2019, she caused a true and correct copy of the foregoing Notice of Removal, together with all attachments, to be served on the following individuals by United States mail, postage prepaid:

> Bruce M. Luchansky, Esq.
> Joseph B. Wolf, Esq.
> Luchansky Millman
> 606 Bosley Avenue, Suite 3B
> Towson, Maryland 21204
>
> *Attorneys for Plaintiff*

/s/ ***Margaret J. Scheele***
_____
Margaret J. Scheele