

**Joseph B. Wolf, ESQ.**
606 Bosley Avenue, Suite 3B
Towson, MD 21204

P (410) 522-1020
F (410) 522-1021
E joseph@luchanskylaw.com

November 5, 2019

Tyrone Washington,
Vice President of Human Resources
FGO Logistics, LLC.
630 Mola Boulevard, Suite 2A
Elmwood Park, New Jersey 07407

RE:   *Hosmer v. FGO Deliveries, LLC.*
Case No.: C-03-CV-19-003503

Dear Mr. Washington:

Please see the attached lawsuit filed by Abigail Hosmer in the Circuit Court for Baltimore County, Maryland.

Please pass it along to the company's counsel.

Very truly yours,

Joseph B. Wolf



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD  21285-6754

Main: 410-887-2601
Fax: 410-887-3234

**To:**  FGO DELIVERIES LLC
DBA FGO LOGISTICS
630 MOLA BOULEVARD
ELMWOOD PARK, NJ 07407

**Case Number:**         **C-03-CV-19-003503**
**Other Reference Number(s):**

**ABIGAIL HOSMER VS. FGO DELIVERIES LLC**

Issue Date: 9/24/2019

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by:

ABIGAIL HOSMER
3815 Dunsmuir Circle
Middle River, MD  21220

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    Personal attendance in court on the day named is NOT required.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Abigail Hosmer vs. FGO Deliveries LLC                                    Case Number: C-03-CV-19-003503

## SHERIFF'S RETURN
Circuit Court for Baltimore County

Sheriff fee: _____     By: _____

Served: _____

Time: _____     Date: _____

With the following:

☐ Summons                          ☐ Counter Complaint
☐ Complaint                        ☐ Domestic Case Information Report
☐ Motions                          ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Other _____
                                              Please specify

Was unable to serve because:

☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction         ☐ Other _____
                                                 Please specify

Sheriff fee: $ _____     _____
                                         Serving Sheriff's Signature & Date

Instructions to Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED; Baltimore County Circuit Court
Docket: 9/20/2019 11:07 AM; Submission: 9/20/2019 11:07 AM

C-03-CV-19-003503

IN THE CIRCUIT COURT FOR Baltimore County
_____
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

**Plaintiff:** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

**Defendant:** You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _____
                                                (Clerk to insert)

**CASE NAME:** Abigail Hosmer                    vs. FGO Deliveries LLC d/b/a FGO Logistic
_____                          _____
Plaintiff                                              Defendant

**PARTY'S NAME:** Abigail Hosmer _____ **PHONE:** _____

**PARTY'S ADDRESS:** 3815 Dunsmuir Circle,. Middle River, Maryland 21220

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Bruce Luchansky, Joseph Wolf _____ **PHONE:** 410.522.1020

**PARTY'S ATTORNEY'S ADDRESS:** 606 Bosley Avenue, Suite 3B, Towson, MD 21204

**PARTY'S E-MAIL:** lucky@luchanskylaw.com; joseph@luchanskylaw.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours   3  days

### PLEADING TYPE

**New Case:** ☒Original    ☐ Administrative Appeal   ☐ Appeal

**Existing Case:** ☐Post-Judgment   ☐ Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

**IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)**

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment
- (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☒ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)                    Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☐Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation   ☐Yes  ☒No          C. Settlement Conference   ☒Yes  ☐No
B. Arbitration   ☐Yes  ☒No          D. Neutral Evaluation   ☐Yes  ☒No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**(Case will be tracked accordingly)**

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time          ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response          Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response  ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| 9/20/19 | |
|---|---|
| Date | Signature of Counsel / Party |
| 606 Bosley Avenue, Suite 3B | Joseph Wolf |
| Address | Printed Name |

| Towson | MD | 21204 |
|---|---|---|
| City | State | Zip Code |

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ABIGAIL HOSMER | * | |
| 3815 Dunsmuir Circle | | |
| Middle River, Maryland 21220 | * | |
| | | Civil Action No.    C-03-CV-19-003503 |
| *Plaintiff,* | * | |
| | | |
| v. | * | |
| | | |
| FGO DELIVERIES LLC | * | |
| D/B/A FGO LOGISTICS | | |
| 630 Boulevard | * | |
| Elmwood Park, N.J. 07407 | | |
| | * | |
| *Defendant.* | | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Abigail Hosmer, by and through counsel, Bruce M. Luchansky, Joseph B. Wolf, and LUCHANSKY MILLMAN, files this Complaint and Jury Demand against Defendant FGO Deliveries LLC d/b/a FGO Logistics ("Defendant or FGO").

### INTRODUCTION

1.      This lawsuit arises out of Defendant's willful and unlawful conduct in failing to explore all possible means of providing a reasonable accommodation for Plaintiff due to her disability caused by childbirth despite Plaintiff's request that Defendant do so, and instead terminating her employment, in violation of the Maryland Pregnancy Accommodation Law, Md. State Govt. Code Ann., § 20-609 *et. seq.*

2.      Additionally, Defendant failed to pay Plaintiff an overtime wage of at least 1.5 times her usual hourly wage in violation of Md. Code Ann., Lab & Empl., § 3-401, *et seq.* and § 3-501, *et seq.* and Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201-19.

3.      Plaintiff demands a jury on all issues triable to a jury.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the claims presented herein pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501 and Md. Code Ann., Lab & Empl., § 3-427, and § 3-507.2.

5.      This Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc., §6-103(b) and ancillary jurisdiction over federal law cause of action.

6.      Venue is appropriate in Baltimore County pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-201(a) because Defendant regularly conducts business in Baltimore County.

**PARTIES**

**A.      *Plaintiff***

7.      Abigail Hosmer is a resident of Baltimore County, Maryland and, at all times relevant hereto, was an employee of Defendant.

**B.      *Defendant***

8.      Defendant is a limited liability company that maintains its principal place of business in Elmwood Park, New Jersey.  FGO regularly conducts business throughout the State of Maryland, including at 670 Chesapeake Park Plaza, Middle River, Maryland in Baltimore County.

9.      Defendant meets the definition of "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (s)(1), as it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce; and (2) it has gross volume of sales made or business done of not less than $500,000.

10.      FGO was Plaintiff's employer, as defined by Md. State Govt. Code Ann., § 20-601(d)(1), 29 U.S.C. § 203(d), Md. Ann. Code Lad. & Empl. §§3-401(c), and 3-501(b).

2

11.     FGO is an employer that is subject to the terms of Md. State Govt. Code Ann., §
20-609, *et. seq.*

12.     Whenever in this Complaint it is alleged that Defendant committed any act or
omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, regional
managers, or employees committed such act or omission and that at the time such act or omission
was committed, it was done with the full authorization, ratification or approval Defendant or was
done in the routine and normal course and scope of employment of Defendant's officers, directors,
vice-principals, agents, servants, regional managers or employees.

FACTS

13.     On April 4, 2018, Plaintiff interviewed for a dispatcher position with FGO and told
Toney Torres, and Zever Sipley, regional managers at FGO during her interview about her
pregnancy including her due date which was September 15, 2018.

14.     Torres and Sipley told the Plaintiff that her pregnancy would not affect employment
with FGO.

15.     Plaintiff was hired by FGO for a 40-hours -per-week dispatcher position and began
work on April 10, 2018.

16.     Plaintiff's work performance for the company was satisfactory.

17.     During her employment with Defendant, Plaintiff was paid an hourly wage.

18.     Although Plaintiff was entitled to take a daily lunch break, her duties often required
that she work through lunch without taking a break.

19.     During multiple workweeks in the course of her employment with FGO, Plaintiff
worked more than 40 hours.

3

20.     Defendant did not pay the Plaintiff an overtime wage of at least 1.5 times her usual hourly wage for the hours she worked above 40 hours per workweek.

21.     On August 30, 2018, with her due date approaching, Plaintiff emailed FGO's HR department seeking confirmation that she would be granted leave as a reasonable accommodation for the birth of her baby.  Plaintiff inquired as to what, if anything, the company expected of her before she went out on maternity leave and asked for confirmation that she would be able to return to her position with FGO after her six-week leave period ended.

22.     Also on August 30, 2018, Tyrone Washington, Vice President of Human Resources at FGO, responded by email stating that Plaintiff was not entitled to any accommodation under the Family and Medical leave Act or the Maryland Parental Leave Act, that Defendant intended to fill Plaintiff's position while she was out following the birth of her baby, and that she could reapply for any open position with the company once she was ready to return to work.

23.     On August 31, 2018, Plaintiff replied to Mr. Washington and requested confirmation and documentation that she was being terminated for taking recommended medical leave for the birth of her child. Plaintiff did not receive a response.

24.     Later in the day on August 31, 2018, Plaintiff sent another follow-up email to Mr. Washington regarding any procedures she needed to follow before her maternity leave and again requesting confirmation as to whether she would have a job when her leave ended. Plaintiff received no response.

25.     On September 1, 2018, Plaintiff sent a third email to Mr. Washington requesting clarification as to her job status if she went on recommended medical leave.

26.     On September 2, 2018, Washington responded that Plaintiff would be terminated if she did not report to work because she was giving birth to her baby, stating, "yes you will be released based upon you not being present at work."

27.     On September 12, 2018, Plaintiff informed FGO that she gave birth to a child and would need six weeks of maternity leave.

28.     On September 29, 2018, Plaintiff requested via email from Mr. Washington documentation as to the reason for her termination despite the fact that she had medical documentation excusing her from work during her maternity leave.

29.     On October 8, 2108, Mr. Washington responded via email attaching a termination letter from Mr. Vernon dated September 21, 2018, that her employment was terminated effective September 19, 2108 as a result of her "voluntary resignation in regard to a non-work-related disability."

## COUNT I
### MARYLAND PREGNANCY ACCOMODATION LAW
### Md. State Govt. Code Ann., § 20-609

30.     Plaintiff hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

31.     Plaintiff was Defendant's "employee" pursuant to Md. State Govt. Code Ann., § 20-601(c)(1).

32.     Defendant was Plaintiff's "employer" pursuant to Md. State Govt. Code Ann., § 20-601(d)(1).

33.     Plaintiff requested a reasonable accommodation from Defendant by requesting that she be permitted to take six weeks of medically recommended maternity leave to deliver, and to recover from the birth of, her child.

5

34.     As Plaintiff's "employer," Defendant was obligated to explore all possible means of providing a reasonable accommodation with the Plaintiff due to her disability caused by childbirth pursuant to Md. State Govt. Code Ann., § 20-609(d).

35.     Despite Plaintiff's request for a reasonable accommodation, Defendant failed to explore all possible means of providing a reasonable accommodation to the Plaintiff due to her disability caused by childbirth, including, but not limited to, providing leave.

36.     Instead, Defendant terminated Plaintiff's employment for not returning to her job immediately following childbirth without any attempt to explore accommodating her, including but not limited to providing Plaintiff with maternity leave.

37.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages, both in the past and in the future, as well as emotional pain, mental anguish, physical suffering, inconvenience, loss of enjoyment of life.

## COUNT II
## MARYLAND PREGNANCY ACCOMODATION LAW
### Md. State Govt. Code Ann., § 20-609(h)

38.     Plaintiff hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

39.     Plaintiff was Defendant's "employee" pursuant to Md. State Govt. Code Ann., § 20-601(c)(1).

40.     Defendant were Plaintiff's "employer" pursuant to Md. State Govt. Code Ann., § 20-601(d)(1).

41.     Pursuant to pursuant to Md. State Govt. Code Ann., § 20-609(h), Defendant, as Plaintiff's "employer," was not permitted to "interfere with, restrain, or deny the exercise of, or

the attempt to exercise" Plaintiff's right of reasonable accommodation due to an employee's disability caused by childbirth.

42.     Defendant interfered with, restrained, and/or denied the exercise of, or the attempt to exercise of Plaintiff's right of reasonable accommodation due to her disability caused by childbirth.

43.     Instead, Defendant terminated Plaintiff for not reporting to work because she was giving birth and for not returning to her job immediately following childbirth without engaging in any interactive process to explore providing Plaintiff with a reasonable accommodation, including leave.

44.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages, both in the past and in the future, as well as emotional pain, mental anguish, physical suffering, inconvenience, loss of enjoyment of life.

## PRAYER FOR RELIEF

45.     Plaintiff demands that judgment on the forgoing claims be entered in her favor against Defendant, and prays for the following relief from Defendant:

a.     A money judgment for actual damages for the period of time provided by law, including appropriate back-pay and reimbursement for any lost benefits;

b.     Reinstatement or front-pay in lieu of reinstatement;

c.     A money judgment for compensatory damages and punitive damages as allowed by law;

d.     Attorneys' fees;

e.     Pre-judgment and post-judgment interest as allowed by law;

7

    f.  Costs of court and costs of prosecuting Plaintiff's claim, including expert

witness fees; and

    g.  Such other and further relief to which Plaintiff may be justly entitled.

**COUNT III**
**Maryland Wage and Hour Law**
**Md. Code Ann., Lab & Empl., § 3-401, *et seq.***
**(Failure to pay overtime wages)**

  46.  Plaintiff hereby incorporates all allegations set forth in the foregoing paragraphs
as though fully alleged herein.

  47.  Defendant did not compensate Plaintiff her overtime hourly rate for each hour
worked in excess of 40 during a single workweek.

  48.  Defendant's failure to pay Plaintiff appropriate wages for overtime hours worked
violated the MWHL.

  49.  Plaintiff was entitled to be compensated for all hours worked, at a rate no less
than minimum wage, and to be compensated at 1.5 times Plaintiff's regular hourly wage for each
hour worked over 40 in a single workweek.

  50.  Defendant's failure to compensate Plaintiff at minimum wage and/or at 1.5 times
her regular hourly wage for each hour in excess of 40 hours per workweek violated the MWHL.

  51.  As the direct and proximate result of Defendant's violations of the MWHL,
Plaintiff suffered significant damages.

  52.  Pursuant to the MWHL, Defendant is liable to Plaintiff for all hours worked
which were not properly compensated and for the difference between the wages paid and the
wages required by statute, plus reasonable attorneys' fees, pre- and post- judgment interest, fees
and costs.

8

**PRAYER FOR RELIEF**

53.　Plaintiff respectfully requests that this Court enter a judgment awarding Plaintiff:

      a.　Unpaid wages due under the MWHL;

      b.　Prejudgment interest;

      c.　Reasonable attorneys' fees and costs incurred in pursuing this action; and

      d.　Such other and further relief as this Court deems necessary and proper.

**COUNT IV**
**Maryland Wage Payment and Collection Law**
**Md. Code Ann., Lab & Empl., § 3-501, *et seq.***
**(Failure to pay earned wages following conclusion of employment)**

54.　Plaintiff hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

55.　Pursuant to the MWPCL, Defendant must pay its employees all wages due at regular pay periods. "Wage" is defined as "all compensation that is due to an employee for employment." This definition specifically includes overtime wages. Md. Code Ann., Lab & Empl., § 3-501(c)(2)(iv).

56.　Pursuant to MWPCL, Defendant is obligated to pay its employees all wages due for work that the employee performed before the conclusion of employment on, or before, the day on which the employee would have been paid had their employment not been terminated.

57.　Pursuant to MWPCL, Defendant is obligated to provide its employees with pay statements each pay period. Defendant failed to regularly provide Plaintiff with pay statements

each pay period.

58.     Plaintiff has not been compensated at the proper overtime premium rate for hours worked in excess of forty (40) in single workweek.

59.     By failing to timely pay Plaintiff her wages when due, Defendant violated the MWPCL.

60.     Defendant's violations of the MWPCL were not as a result of a *bona fide* dispute.

61.     As the direct and proximate result of Defendants' violations of the MWPCL, Plaintiff suffered significant damages.

62.     Because more than two weeks have elapsed from the date on which Defendants were required to have paid the wages, Defendants are liable to Plaintiff for her unpaid wages, plus an additional amount up to three (3) times the unpaid wages, reasonable attorneys' fees, interests and costs.

## PRAYER FOR RELIEF

63.     Plaintiff respectfully requests that this Court enter a judgment awarding  Plaintiff:

    a.     Unpaid wages due under the MWPCL;

    b.     Treble damages multiplied times the unpaid wages due and owing;

    c.     Prejudgment interest;

    d.     Reasonable attorneys' fees and costs incurred in pursuing this action; and

       Such other and further relief as this Court deems necessary and proper.

## COUNT V
## Fair Labor Standards Act of 1938 29 U.S.C. § 201, *et seq.*
## (Failure to pay overtime wages)

64.     Plaintiff hereby incorporates all allegations set forth in the foregoing  paragraphs

10

as though fully alleged herein.

65.     Defendant willfully and/or intentionally failed to pay Plaintiff overtime wages which Plaintiff was due and owed pursuant to the FLSA.

66.     Defendant's actions were taken with willful disregard for the rights of Plaintiff under the FLSA.

67.     As a result of Defendant's unlawful conduct, Plaintiff suffered a loss of wages.

68.     For violating the FLSA, Plaintiff is entitled to recover from Defendant—in addition to the money judgment awarded for unpaid regular and overtime compensation—an additional equal amount as liquidated damages and interest on the monies due and owing.

69.     The FLSA further provides that Plaintiff shall be awarded reasonable attorneys' fees and the costs of this action.

## PRAYER FOR RELIEF

70.     Plaintiff respectfully requests that this Court enter a judgment awarding Plaintiff:

a.     Unpaid wages due under the FLSA;

b.     Liquidated damages multiplied times the unpaid wages due and owing;

c.     Prejudgment interest;

d.     Reasonable attorneys' fees and costs incurred in pursuing this action; and

e.     Such other and further relief as this Court deems necessary and proper.

11

Dated: September 20, 2019

Respectfully submitted,

Bruce M. Luchansky (CPF No.: 8606010236)
   lucky@luchanskylaw.com
Joseph B. Wolf (CPF No.: 0506160004)
   joseph@luchanskylaw.com
**LUCHANSKY MILLMAN**
606 Bosley Avenue
Suite 3B
Towson, Maryland 21204
Telephone: (410) 522-1020
Facsimile: (410) 522-1021
*Attorneys for Plaintiff*

12

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: September 20, 2019

Respectfully submitted,

Bruce M. Luchansky
lucky@luchanskylaw.com
Joseph B. Wolf
joseph@luchanskylaw.com
**LUCHANSKY MILLMAN**
606 Bosley Avenue
Suite 3B
Towson, Maryland 21204
Telephone: (410) 522-1020
Facsimile: (410) 522-1021
*Attorneys for Plaintiff*

13